AMERICAN SAMOA GOVERNMENT, Plaintiff,
v.
STEVEN J. YBARRA, Defendant.

High Court of American Samoa
Trial Division

MURPHY, Associate Justice.

Defendant has been charged with two counts of willful failure to file an income tax return. He moves for dismissal, alleging that ASCA section 11.0413 is invalid. ASCA section 11.0413 is part of an enactment adopting the Internal Revenue Code of 1954 (hereafter "the Code") for taxation in American Samoa. It provides as follows:

> Criminal Offenses. Any act or failure to act
> with resepect to the American Samoa income tax which
> constitutes a criminal offense under Chapter 75 of
> subtitle F of the United States Internal Revenue Code
> of 1954, as adopted by this Chapter, is an offense
> against American Samoa and may be prosecuted in the
> name of American Samoa by the appropriate officer
> thereof.

Ybarra first claims that the statute is repugnant to Article II, Sections 15 and 17 of the Revised Constitution of American Samoa. He next complains that ASCA section 11.0413 is impermissably vague and that it constitutes an improper incorporation by reference of a substantive penal statute.

The pertinent portion of Section 15 provides:

> ...nor shall a bill become a law unless the same shall
> have been read on two separate days in each house
> previous to the day of the final vote thereon.

Section 17 inclusively reads:

> Amendments and Revisions by Reference. No law shall
> be amended or revised by reference to its title only; but
> in such case the act, as revised, or section or sub-section
> as amended, shall be re-enacted and published at full length.

Defendant's Section 15 argument asserts that the Code was never read at the Fono. His Section 17 argument alleges that incorporation of the Code constituted an amendment or revision thereof which required that it be republished anew as part of the American Samoa Code. Neither argument is persuasive.

A constitutional provision requiring publication of an amended act in its new form does not require publication of a law which has been incorporated by a new act. State ex rel. Washington Toll Bridge Authority v. Yelle, 200 P.2d 467 (1948). Such a constitutional prohibition must be specific, as it is in the North Dakota Constitution, Art. III, Sec. 64:

> ...but so much thereof as is revised, amended or extended,
> or so incorporated shall be re-enacted and published
> at length (emphasis added).

Mr. Ybarra's Section 15 argument is superflous in that he has presented no evidence indicating that the code was not read as assertedly required. Public officials are presumed to have acted legally. Nevertheless, a constitutional provision regarding the reading of a bill does not require

that everything which is to become a law by the adoption of the bill shall be thus read; it is enough to read the bill alone. Tanner v. Premier Photo Service, Inc., 125 SE2d 609 (1962). A reading and publication requirement for referential legislation would eliminate incorporation in some instances, eg., ASCA section 1.0201(2) (United States laws); ASCA section 1.0201(4) (Common Law of England), and subvert its purposes in all others. See 1A Sutherland, Statutory Construction, 576 (convenience and efficiency). That result should not be occasioned through a tenuous construction of a procedural provision.

Defendant's vagueness contention asserts that "(a) citizen cannot, by reference to the code section (ASCA Section 11.0413), know what conduct is proscribed." It appears that Section 11.0403 clearly indicates that subtitle F, Chapter 75 of the Internal Revenue Code of 1954 will govern violations of so much of the code as has been made applicable in American Samoa by ASCA Title 11. Mr. Ybarra's confusion could be more reasonably directed to other sections of Title 11, Chapter 4 [footnote omitted]. Section 403 is not vague.

The final inquiry raised by the instant motion is whether ASCA section 11.0413 constitutes an improper incorporation of a substantive penal provision. Defendant cites 1A Sutherland, Statutory Construction, section 22.25 as authority for the proposition that the incorporation is invalid. In discussing constitutional provisions like those in American Samoa's Constitution, that section states:

> ...it is generally held that these constitutional
> provisions have no application to statutes adopting
> the provisions of prior acts by reference in order
> to incorporate in the new act a substantive right
> or duty or to provide a method of procedure for
> enforcing the statute. Id. at 163 (citations
> omitted).

As such, there is nothing in American Samoa's constitution that proscribes incorporation of a statute which is substantive or penal. Nor is there any other body of law maintaining such a proscription. Defendant cites State v. Armstrong, 243 P. 333 (1926). That decision relied on New Mexico's constitutional limitation regarding referential legislation, and was not well-reasoned:

> The Supreme Court of New Mexico has, however, by
> single eyed devotion to the so-called "mischief"
> rule (the rule is Heydon's Case, 3 Co. 7 (1584)),
> absurdly concluded that an adoption into a statute of
> that state of certain provisions of the National
> Prohibition Act by a specific reference was a violation
> of the state's constitutional proscription against
> extension by reference. Read, "Is Referential Legislation
> Worthwhile?", 1A Sutherland, Statutory Construction
> 529, 545 n.86.

American Samoa is not bound by New Mexico's constitutional limitations or the decisions of her courts. Armstrong is not persuasive and neither is Defendant. When an issue regarding referential legislation is brought before this court, the same shall be judged in contemplation of three potential evils. The first is whether the duties created by the incorporation are unduly difficult to decipher. See Knill v. Towse (1889) (quoted at Sutherland, supra, p. 535). The second evil concerns whether the incorporation acted to conceal from legislators the true impact of the adopted law. See Quinlan v. Houston & Tex. Cert. Ry., 34 U.S. 738, 749

(1896). The third evil involves the potential for the improvident enactment by incorporation of legislation which has not been amply contemplated. See Manchester Township Supervisors v. Wayne County Commissioners, 101 A. 736 (1917).

None of those potential evils is involved in the instant case. The duties created by the Fono's adoption, in a single chapter of a single title, of the income tax provisions of the Internal Revenue Code of 1954, save for insignificant exceptions, are no more difficult to decipher than is the revenue code itself. Presumably, a tax code drafted entirely by the Fono would have been no easier to interpret. Further, it is inconceivable that the Fono could have been unaware of the impact occasioned by the incorporation of a statute as popular as the 1954 tax code. That conclusion is buttressed by the subtle modifications effected with the referential adoption. Finally, it cannot rationally be asserted that the Internal Revenue Code of 1954 has not been the subject of meticulous contemplation, not by the Fono, but by the legislature ultimately responsable for every Fono enactment, the United States Congress [Footnote omitted]. The incorporation by reference of the penal provisions of the 1954 tax code are not improper.